OPINION
{¶ 1} This is an appeal from a decision of the Court of Common Pleas of Tuscarawas County which was based on a Joint Stipulation of evidence. The complaint sought a Declaratory Judgment and damages.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The stipulation indicates that appellant owns a seventy-nine unit H.U.D. apartment complex.
 {¶ 3} Appellee, Strasburg Village, has adopted an Ordinance entitled "Comprehensive Ordinance Regulating the Sewer Systems for the Village of Strasburg, Ohio" (Ordinance).
 {¶ 4} Appellee, under such Ordinance charges a rate service fee and consumption fees.
 {¶ 5} It initiated service fees (for water and sewer) applied separately to each of the seventy-nine apartment units even though only one meter for all units was installed.
 {¶ 6} The trial court determined that the Ordinance was valid and being properly enforced and applied and denied the claim for damages.
 {¶ 7} From this decision the following Assignment of Error is raised.
 ASSIGNMENT OF ERROR I. {¶ 8} "The trial court erred as a matter of law by determining that the ordinance was "just and equitable" and "most equitable" as required by the Ohio Revised Code."
 I. {¶ 9} The issue to be determined as to the Assignment of Error is whether appellee's Ordinance 3.10 as to the flat rate service charge, as opposed to the water consumption fees which are not contested, complies with R.C. § 729.49 and § 734.04 which contain the "just and equitable" and "most equitable", respectively, phraseology.
 {¶ 10} Revised Code § 729.49 states:
 {¶ 11} "729.49 Sewerage Rates or Charges of Rent
 {¶ 12} "The legislative authority of a municipal corporation which has installed or is installing sewerage, a system of sewerage, sewage pumping works, or sewage treatment or disposal works for public use, may, by ordinance, establish just and equitable rates or charges of rents to be paid to the municipal corporation for the use of such services, by every person, firm, or corporation whose premises are served by a connection thereto. Such charges shall constitute a lien upon the property served by such connection and if not paid when due shall be collected in the same manner as other municipal corporation taxes. The legislative authority may change such rates or charges from time to time as is deemed advisable. The legislative authority of a municipal corporation operating under a charter may establish such schedule of rates and provide for its administration by designating the department or officer to be charged with the enforcement of sections 729.49 to 729.52, inclusive, of the Revised Code."
 {¶ 13} Revised Code § 734.04, in part, recites:
 {¶ 14} "743.04 Assessment and collection of water rents and charges
 {¶ 15} "For the purpose of paying the expenses of conducting and managing the waterworks of a municipal corporation, including operating expenses and the costs of permanent improvements, the director of public service or any other city official or body authorized by charter may assess and collect a water rent or charge of sufficient amount and in such manner as he or it determines to be most equitable from all tenements and premises supplied with water. When water rents or charges are not paid when due, the director or other official or body may do either or both of the following:
 {¶ 16} "* * *"
 {¶ 17} Ordinance 3.10 provides:
 {¶ 18} "Each consumer or owner whose premises within the Village is connected to the water system shall pay to the Village for the connection and for water service for each dwelling, commercial, manufacturing or other units served, a service charge of Fifteen Dollars ($15.00) per month, and such additional charges based upon the amount and rate of water consumed per billing, at the rate of Two Dollars and 76.100 Cents ($2.76) per thousand gallons consumed."
 {¶ 19} No constitutional violation claim is being made as to the equal application of such ordinance (see appellant's brief) although billing comparisons showing consumption were provided to the court. Evidence indicated that twenty-seven other entities with single meters and multiple users were charged user fees at the same rate.
 {¶ 20} The real basis for the lack of just and equitable charges is revealed by an examination of appellant's counsel's letter of February 10, 1998 which indicates that the ordinance was satisfactory until 1995 even though appellee was charged a flat rate service charge for each of the units but became burdensome when the rate was increased and was likely to be increased further. The burden heavily rested on appellant as the complex was a H.U.D. rental project and the costs, according to appellant, under federal regulations could not be passed to the occupants.
 {¶ 21} Keeping this in mind, the question then becomes, "Would the charges have been any different if the appellee had installed separate meters rather than one?".
 {¶ 22} Under Section 2.07 of the ordinance and such federal regulations, the result would be the same as the owner would be responsible if the tenants did not, nor were required to pay because of H.U.D.
 {¶ 23} Such letter of February 10, 1998 indicates an agreement as to the service charge but this appeal does not raise a breach of contract issue.
 {¶ 24} It further raises the implication that the service charge is based upon meter servicing and therefore should be applicable only to the one meter servicing the units and the second meter for the community building, but no appeal has been taken alleging that the service charge is unrelated to the actual costs and therefore possibly constituting an illegal tax.
 {¶ 25} The arguments of appellee essentially compare the water consumption of various users to itself and by such comparison concludes that the service charge violates the state statutes referenced heretofore in that such charges are inequitable or not most equitable. The fallacy in this argument is that the service charges are unrelated to the number of meters but are imposed to provide sufficient revenue to operate the system. (See Fox deposition p. 6, 14-15).
 {¶ 26} An ordinance is presumed valid until it is clearly established to be otherwise. Pearce v. City of Youngstown (1954),100 Ohio App. 22.
 {¶ 27} In the case sub judice, even with a de novo review of the ordinance in question and without deference to the trial court's ruling, we fail to find that such ordinance violates the applicable state statutes. Brennaman v. R.M.I. Co. (1994), 70 Ohio St.3d 460 under the stipulated evidence the ordinance applies equally in a non-discriminatory manner to all residences. The inability to increase the rentals in the units of appellee is unrelated to the rate service charges under the ordinance.
 {¶ 28} The Assignment of Error is denied. The trial court's decision is affirmed.
By: Boggins, J., Farmer, P.J. and Edwards, J. concur.
Topic: Water/Sewer Charges.